UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1192(DSD/TNL)

Bank of America, N.A., as
successor by merger to BAC
Home Loans Servicing, LP,

      Plaintiff,

v.                                                  **ORDER**

Bradford J. King and
Vicki R. King,

      Defendants.

    John M. Miller, Esq. and Peterson, Fram & Bergman, PA, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, counsel for plaintiff.

    Bradford J. King and Vicki King, 16186 Logarto Lane, Lakeville, MN 55044, pro se.

This matter is before the court upon the motion to remand by plaintiff Bank of America, N.A. (Bank of America). On March 31, 2012, Bank of America filed an eviction complaint against pro se defendants Bradford J. King and Vicki R. King in Minnesota court. See Miller Decl. Ex. A. On May 17, 2012, the Kings removed the action, alleging federal-question jurisdiction under 28 U.S.C. § 1331.[1] See Notice of Removal 1-2. On June 12, 2012, Bank of

---

[1] The notice of removal also included a complaint, notice of federal stay of eviction and a partially completed civil cover sheet. See ECF No. 1. The complaint and cover sheet list the Kings as plaintiffs. As a result, the action was initially captioned in federal court as Bradford J. King and Vicki King v. Bank of America, N.A. At oral argument, the parties were notified that the court would recaption the action as originally filed in
(continued...)

America moved to remand, arguing that (1) removal was untimely, (2) subject-matter jurisdiction was lacking (3) and relief was prohibited in federal court by the Rooker-Feldman doctrine.

The Kings did not submit an opposition memorandum. As a result, the court informed the Kings that they could file additional materials up to seven days after oral argument. In response, the Kings sent a letter to Bank of America requesting "all documents specific to our home concerning the foreclosure." Miller Supp. Aff. Ex. A. As of September 7, 2012, Bank of America had yet to produce any documents.[2] Id. Ex. B.

Bank of America first argues that removal was untimely. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ...." 28 U.S.C. § 1446(b). The summons and eviction complaint were served on the Kings on April 6, 2012. Miller Dec. ¶ 3. The Kings filed a notice of removal on May 17, 2012, forty-one days later. As a result, removal was untimely, and remand is proper. See Lang v. Soc. Sec.

---

[1](...continued)
state court.

[2] Given the Kings' pro se status and because they brought a voluminous stack of papers to oral argument, the court was willing to accept an untimely memorandum in opposition. At no time during oral argument, however, did the court direct Bank of America to produce documents pertinent to the underlying action or inform the Kings that Bank of America was likely to do so on their own accord.

Admin., 612 F.3d 960, 964-66 (8th Cir. 2010) (remanding an untimely-removed action to state court).

Even if the court, given the Kings' pro se status, were to overlook the untimely notice of removal, remand is necessary because the court lacks subject-matter jurisdiction. The Kings base removal on federal-question jurisdiction and assert numerous constitutional counterclaims.[3] The eviction complaint, however, does not allege a federal question, and jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "a counterclaim ... cannot serve as the basis for 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Therefore, federal-question jurisdiction is lacking, and remand is proper.[4]

---

[3] The forum defendant rule prevents the Kings from removing based on diversity jurisdiction. See 28 U.S.C. § 1441(b)(2) (explaining that action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

[4] Having determined that subject-matter jurisdiction is lacking, the court need not address plaintiff's argument regarding the Rooker-Feldman doctrine.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the plaintiff's motion to remand [ECF No. 4] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 9, 2012

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court